### AUSTIN ELLENWOOD *vs.* THE COMMONWEALTH.

A conviction before a justice of the peace is well sustained by a record which shows that the defendant, on being asked whether he was guilty or not of the offence alleged against him, fraudulently and wilfully stood mute, and that, after due examination of witnesses and a full hearing of the case, he was adjudged to be guilty, and was sentenced to imprisonment.

PETITION for a writ of *certiorari.*

This case was like that of *Stratton* v. *The Commonwealth,* (*ante,* 217,) except that it appeared from the record of the justice, that when the complaint was read to the petitioner, and he was asked, by the justice, " whether he was guilty or not of the offence alleged against him in said complaint," he " refused to plead to said complaint, but fraudulently, wilfully and obstinately stood mute." It also appeared from the remaining part of the justice's record, that "after due examination of divers witnesses, and a full hearing of the case," said Ellenwood was adjudged, by the justice, to be " guilty of the charges alleged against him, as set forth in said complaint," and was sentenced to *five months'* confinement in the house of correction.

*Bridges,* for the petitioner. It does not appear from the record that the justice made any inquiry whether the petitioner was obstinately mute, or *ex visitatione Dei.* See 1 Chit. Crim. Law, 424. It is said, in Davis Just. (1st ed.) 117, that a justice of the peace must make such inquiry.

*Wilkinson,* (District Attorney,) for the Commonwealth. By Rev. Sts. *c.* 136, § 29, if a person, who is arraigned on an *indictment,* refuses to plead or answer, the court shall order a plea of not guilty to be entered, and he shall be tried as if he had made that plea. A justice of the peace may proceed in a similar manner, when a party refuses to plead to a complaint.

DEWEY, J. The next preceding case of *Stratton* v. *The Commonwealth* disposes of all the material points in the present case.

It was suggested that there was an irregularity in the mode of trial, arising from the fact that no plea was tendered by the party. But the case shows that the party fraudulently and wilfully stood mute, and that thereupon the case was tried in the same manner as if the party had pleaded not guilty. To this course the petitioner cannot object.

*Petition dismissed.*